■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RHODES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered October 13, 1981, convicting him of burglary in the third degree, grand larceny in the third degree, criminal possession of stolen property in the second degree, criminal possession of a controlled substance in the seventh degree, criminal possession of a hypodermic needle and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence.

Judgment affirmed.

Defendant argues that the search of his apartment by law enforcement officials was invalid because it was made without a warrant, was not justified by exigent circumstances, and was based upon an unauthorized, warrantless private search by his landlord and the complainant.

The validity of the search of defendant's apartment was raised by his codefendant, Carl Michelsson, in *People v Michelsson* (105 AD2d 852). This court found that defendant freely and voluntarily consented to the search when he invited a detective and the complainant into his apartment and that, therefore, the stolen property, which was in open view, was properly seized. The codefendant, however, never raised the issue that defendant raises now, i.e., that the evidence should be suppressed because the search by the police was based upon information gathered in an unauthorized search by private citizens.

Defendant never raised that issue before the suppression court, and therefore is now foreclosed from raising that issue on appeal (*People v Martin,* 50 NY2d 1029; *People v Stahl,* 53 NY2d 1048). Moreover, were we to review this issue in the interest of justice, reversal would not be required.

"It is settled that an unauthorized search or seizure by private individuals * * * does not render the evidence inadmissible at subsequent civil or criminal proceedings" (*People v Jones,* 47 NY2d 528, 533). Therefore, the private "search" by complainant and the landlord did not preclude the otherwise valid later search and seizure by police which was based upon information discovered as a result of the private search (*People v Gleeson,* 36 NY2d 462, 465-466). Accordingly, the judgment is affirmed. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.