THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. GADSDEN, Appellant. (Appeal No. 1.) [601 NYS2d 723] —Judgment unanimously affirmed. Memorandum: The suppression court did not err in refusing to suppress physical evidence seized from defendant after a stop of his vehicle. The detailed information supplied by two unnamed informants, including a description of defendant, his clothing and the vehicle he would be driving, corroboration by the police of information that defendant was driving without a license and an officer's observation of a person matching defendant's description driving the described vehicle provided police with reasonable suspicion sufficient to justify a stop of defendant's vehicle *(see, People v Ceballos,* 175 AD2d 315, *lv denied* 78 NY2d 1074).

Prior to the suppression hearing, the parties stipulated that the sole issue to be considered was whether the police possessed knowledge sufficient to warrant a stop of the vehicle. Defendant cannot raise on appeal an issue not raised in the motion to suppress *(see, People v Martin,* 50 NY2d 1029; *People v Rhodes,* 107 AD2d 769, *lv denied* 65 NY2d 699). Thus,

defendant's contention that the vehicular stop was a pretext stop cannot be raised for the first time on this appeal.

A few days before the scheduled date for trial, the police supplied defendant with a computer printout purporting to be the same printout supplied at the suppression hearing. Because the printout given to defendant consisted of two pages and the printout produced at the suppression hearing consisted of seven pages, defense counsel moved to reopen the suppression hearing. The court did not abuse its discretion by refusing to reopen the suppression hearing. Defense counsel, at the initial hearing, could have explored any factual discrepancies between the information on the original printout and defendant's date of birth and driving record. Defendant failed to show that the original printout information relied on by the police was different from the information appearing on the printout produced shortly before trial. In sum, the fact that each printout had a different number of pages did not justify a reopening of the suppression hearing. (Appeal from Judgment of Steuben County Court, Scudder, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.