■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE STOKES, Appellant. [623 NYS2d 55] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to suppress defendant's statements to the police. The record supports the court's determination that the detective advised defendant of his *Miranda* rights before questioning him. Furthermore, defendant was not in custody when the officer first questioned him at the apartment while waiting for the ambulance. The police were called to the apartment because there was a victim of a shooting who needed assistance. Defendant was not placed in custody until after he admitted his involvement in the robbery at the store across

There is no merit to the contention of defendant that his statements should have been suppressed as the fruit of an illegal search and seizure. Defendant concedes that he never raised that issue before County Court, and it may not be raised for the first time on appeal *(see, People v Martin,* 50 NY2d 1029, 1031; *People v Gadsden,* 195 AD2d 1036, *lv denied* 82 NY2d 754; *People v Rhodes,* 107 AD2d 769, *lv denied* 65 NY2d 699).

Finally, defendant contends that his sentence is harsh and excessive. Considering the extremely brutal nature of the crime, where the proprietor of a neighborhood delicatessen was beaten so viciously that he was "barely recognizable as human" and died three weeks later as a result of his injuries, the court did not abuse its discretion in sentencing defendant, as a second violent felony offender, to the maximum sentence allowable at law. (Appeal from Judgment of Erie County Court, McCarthy, J.—Murder, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Callahan and Doerr, JJ.