■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JAMES, Appellant. [628 NYS2d 548] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered January 14, 1994, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After a jury trial, the defendant was acquitted of murder in the second degree but convicted of manslaughter in the second degree. We reject the defendant's contention that his sentence was illegal because in sentencing the defendant, the court referred to the defendant's act as a murder. The defendant's sentence of 5 to 15 years was within the statutory guidelines for manslaughter in the second degree *(see,* Penal Law § 70.02 [2] [a]; [3] [b]; [4]). In addition, the court's comments, when taken as a whole, merely reflect the fact that the court was taking into consideration the nature of the crime, a legitimate factor in determining an appropriate sentence *(People v Martinez,* 124 AD2d 505).

The defendant's sentence was not excessive *(People v Suitte,* 90 AD2d 80). O'Brien, J. P., Ritter, Pizzuto and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD JARVIS, Appellant. [628 NYS2d 548] —Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered December 6, 1993, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.