■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH VUKEL, Respondent. [646 NYS2d 269] —Order, Supreme Court, Bronx County (Dominic Massaro, J.), entered September 28, 1994, dismissing the indictment against defendant charging that he acted in concert with another to commit the crimes of attempted murder in the second degree, assault in the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree, unanimously reversed, on the law, and the indictment reinstated.

Contrary to the motion court's finding that the People were chargeable with 217 days of pretrial delay, our review of the record shows the time chargeable to the People to be 117 days, well within the 183-day limit. Specifically, the court erred in charging the People with the periods from January 9 to February 24, 1992 (46 days), July 8 to 14, 1992 (6 days), January 19 to February 3, 1993 (15 days), and July 7 to August 9, 1993 (33 days), each of which was excludable, pursuant to CPL 30.30 (4) (a), as reasonable delay attributable to motion practice or other proceedings concerning defendant (at the time this case was being prosecuted, defendant was simultaneously being prosecuted on an older weapon possession charge) (*see, People v Worley,* 66 NY2d 523, 528; *People v Reid,* 214 AD2d 396; *People v Douglas,* 209 AD2d 161, *lv denied* 85 NY2d 908).

We find defendant's remaining contentions to be without merit. Concur—Murphy, P. J., Rosenberger, Rubin and Williams, JJ.