■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VUKEL, Also Known as JOSEPH VOKEL, Appellant. [695 NYS2d 73] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), entered September 10, 1998, convicting defendant, after a jury trial, of attempted murder in the second degree and assault in the second degree, and sentencing him to concurrent terms of 3 to 9 years, unanimously modified, on the law, to the extent of reducing the sentence on the conviction of assault in the second degree to a term of 2⅓ to 7 years, and otherwise affirmed.

Since defendant's attack on the sufficiency of the evidence supporting the attempted murder conviction was asserted for the first time in a motion to set aside the verdict, it is unpreserved (*People v Padro*, 75 NY2d 820), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence. There was ample evidence from which the jury could infer homicidal intent, including defendant's repeated blows to the victim's head and body with the baseball bat.

Since defendant's ineffective assistance claim involves matters of trial strategy, it would require a CPL 440.10 motion in order to amplify the record. On the existing record, we find no pattern of ineffective assistance (*see, People v Benevento*, 91 NY2d 708). Specifically, on the facts presented at trial, which, when viewed most favorably to defendant, suggested, at most, justifiable use of non-deadly physical force (*see, People v Torres*, 252 AD2d 60), it was sound strategy for counsel to refrain from raising a weak justification defense in order to concentrate, instead, on other defenses (*see, People v Castano*, 236 AD2d 215, *lv denied* 89 NY2d 1033; *People v Douglas*, 160 AD2d 1015, 1016, *lv denied* 76 NY2d 855). Accordingly, we also reject defendant's claim that the court should have delivered a justification charge *sua sponte*. Such action would have unlawfully interfered with defense strategy (*see, People v DeGina*, 72

NY2d 768), and would, in any event, have been unsupported by the evidence (*People v Torres, supra*).

We conclude that defendant's motions for dismissal pursuant to CPL 30.30 were properly denied insofar as the People did not exceed the remaining 66 days in which to be ready for trial following this Court's reversal of the original dismissal of the indictment on speedy trial grounds (230 AD2d 635, *lv denied* 89 NY2d 931). Specifically, the period between December 19, 1996 and April 3, 1997 was properly excluded as time resulting from an appeal (CPL 30.30 [4] [a]). This adjournment was ordered by the trial court for control purposes because of the pendency of defendant's application for leave to appeal to the Court of Appeals from this Court's order reinstating the indictment. However, the trial court and parties were unaware that on the same date of this adjournment, December 19, 1996, leave to appeal had been denied, rendering the adjournment unnecessary. We reject defendant's argument that the People had an obligation to advance the case to an earlier date upon receiving the certificate denying leave, and we find that this delay cannot be viewed as attributable to the People. The period from May 21, 1997 through July 2, 1997 is excludable as a reasonable period resulting from defendant's speedy trial motion and the delay occasioned by the court reporters in furnishing minutes (*see, People v Lacey*, 260 AD2d 309).

The court properly precluded defendant from introducing the victim's alleged prior inconsistent statement because by failing to "inform the witness of the circumstances surrounding the making of the statement, and inquire of him whether he in fact made it" (*People v Wise*, 46 NY2d 321, 326), defendant failed to lay a proper foundation.

As the People correctly concede, defendant's sentence of 3 to 9 years for assault in the second degree, a class D felony, was unlawful and we modify accordingly. Concur—Rosenberger, J. P., Williams, Mazzarelli, Lerner and Buckley, JJ.