THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZACHARY HOLMES, Appellant. (Appeal No. 1.) [728 NYS2d 611] —Judgment unanimously affirmed. Memorandum: Defendant appeals from two judgments in connection with the robberies of two jewelry stores. The indictment was severed and separate trials were conducted with respect to each robbery. Contrary to defendant's contention, the evidence is legally sufficient to support the convictions and neither verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

With respect to the trial on the first indictment, County Court properly denied the motion of defendant to suppress his statements. The court's assessment of the credibility of the witnesses is entitled to great deference (*see, People v Prochilo,* 41 NY2d 759, 761) and "should not be disturbed unless clearly erroneous" (*People v Stokes,* 212 AD2d 986, 987, *lv denied* 86 NY2d 741).

Contrary to the further contention of defendant, the court did not err in denying his repeated requests for substitution of counsel. "[D]efendant's groundless lack of confidence in, and hostility toward, [defense counsel]" (*People v Estwick,* 266 AD2d 123, 124, *lv denied* 94 NY2d 918) based on defense counsel's having advised defendant not to testify before the Grand Jury does not constitute good cause for substitution (*see, People v Schojan,* 272 AD2d 932, 933, *lv denied* 95 NY2d 871).

Contrary to the contention of defendant, his right to be present at the trial on the first indictment was not violated when he was removed from the courtroom. Defendant acted in a vio-

lent manner toward defense counsel during the initial trial on the first indictment, which resulted in a mistrial, and he used profanity extensively in addressing the court prior to the voir dire of the prospective jurors at the second trial on that indictment, even after the court warned him that a further outburst would result in his removal from the courtroom (*see,* CPL 260.20; *People v Lewis,* 231 AD2d 919).

The court did not err in denying defendant's request to charge robbery in the third degree as a lesser included offense of robbery in the first degree. No reasonable view of the evidence supports a finding that defendant committed the lesser offense but not the greater (*see, People v Glover,* 57 NY2d 61, 63). In any event, "[b]y finding defendant guilty of robbery in the first degree as opposed to robbery in the second degree, the jury necessarily eliminated all lesser degrees of robbery * * * Thus, no prejudice could have resulted from the court's refusal to charge robbery in the third degree as a further lesser included offense" (*People v Lucious,* 269 AD2d 766, 769). We have considered defendant's remaining contentions with respect to the trial on the first indictment and conclude that they are without merit.

With respect to the trial on the second indictment, held before a different County Court Judge, we conclude that the court did not abuse its discretion by its *Sandoval* rulings (*see, People v Sandoval,* 34 NY2d 371, 374-375). The court permitted the People to cross-examine defendant with respect to the underlying facts of a crime for which he received youthful offender status. In addition, the court permitted the People to cross-examine defendant with respect to two drug-related convictions and the convictions of robbery and grand larceny on the first indictment, without reference to the underlying facts of any of those convictions unless defendant denied them. The record establishes that the court properly balanced the probative value of the convictions and the facts underlying the crime for which defendant received youthful offender status against the potential for undue prejudice (*see, People v Laraby,* 219 AD2d 817, *lv denied* 88 NY2d 849, 937). (Appeal from Judgment of Monroe County Court, Maloy, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Burns, JJ.