■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON ANDERSON, Appellant. [731 NYS2d 495] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 25, 1998, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly declined to charge criminally negligent homicide (Penal Law § 125.10) as a lesser-included offense of manslaughter in the second degree (Penal Law § 125.15 [1]). Upon review of the record in the light most favorable to the defendant (see, People v Martin, 59 NY2d 704), there was no reasonable view of the evidence which would support a finding that the defendant was unaware of the substantial and unjustifiable risk of death caused by his actions. He forcefully stabbed his wife three times in the front torso. The first wound punctured his wife's diaphragm, the second wound punctured the left lobe of her liver, and the final wound went through her heart with such force that the handle of the knife broke off when the blade struck bone and cartilage. There is simply no view of this evidence that would support a finding that the defendant was not aware of the substantial and unjustified risk of death (see, CPL 300.50 [1]; People v Randolph, 81 NY2d 868; cf., People v Glover, 57 NY2d 61).

In imposing the maximum permissible sentence of 5 to 15 years imprisonment, the court noted that the defendant was "very fortunate," in that the jury had already shown the defendant "a substantial amount of mercy," and the verdict "came in light of the evidence as something of a surprise to a good many observers." The court's comments "merely reflect the fact that the court was taking into consideration the nature of the crime, a legitimate factor in determining an appropriate sentence" (People v James, 216 AD2d 489). The sentence imposed was neither illegal nor excessive. Ritter, J. P., Goldstein, Florio and Townes, JJ., concur.