■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN BLOUNT, Appellant. [732 NYS2d 314] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject defendant's contention that, in imposing the negotiated sentence, County Court was effectively deprived of the authority to exercise its discretion in determining an appropriate

sentence. Defendant pleaded guilty with the express understanding that the People would be allowed to withdraw their consent to the plea if the court determined after reviewing the presentence investigation report that a maximum sentence of less than 22 years was appropriate. Likewise, defendant expressly reserved the right to withdraw his plea should the court determine that a longer sentence was appropriate. At the request of defendant, the court conducted a hearing pursuant to Penal Law § 60.12 to determine whether defendant was the victim of domestic abuse and thus was entitled to a reduced sentence. None of defendant's witnesses at the hearing supported the assertion of defendant that he was so victimized, and the court then sentenced defendant to a determinate term of incarceration of 22 years, in accordance with the plea agreement. "[T]he sentencing decision is a matter committed to the exercise of the court's discretion and * * * can be made only after careful consideration of all facts available at the time of sentencing" (*People v Farrar*, 52 NY2d 302, 305 [emphasis omitted]). The court must impose an appropriate sentence, with due regard for the negotiated sentence but without deeming itself bound by it (*see, People v Farrar, supra*, at 306-307). Upon our review of the record, we conclude that the court properly exercised its discretion in sentencing defendant. Contrary to defendant's further contention, the bargained-for sentence is neither unduly harsh nor severe (*see, People v McGovern*, 265 AD2d 881, *lv denied* 94 NY2d 882). (Appeal from Judgment of Erie County Court, D'Amico, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.