■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LASHAWN DAVIS, Appellant. [736 NYS2d 593] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered February 11, 1999, convicting defendant, after a jury trial, of attempted assault in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence warranted the inference that when defendant fired a shot at the victim at close range, he intended to cause serious physical injury (*see, People v Bracey*, 41 NY2d 296).

By making only general objections, defendant failed to preserve his claim that a detective's testimony revealing that defendant's nontestifying accomplices had made statements to the police constituted hearsay and a violation of the right of confrontation and we decline to review it in the interest of justice. Were we to review this claim, we would find that the testimony was properly admitted to explain the events leading up to defendant's own statement (*see, People v Simpson*, 256 AD2d 205, *lv denied* 93 NY2d 902), and that there was no possibility of prejudice to defendant because, in the context of the case, there was no implication that any of these accomplice statements, the contents of which were never disclosed to the jury, contained anything inconsistent with defendant's position at trial.

The challenged portions of the People's summation generally constituted fair comment on the evidence in response to the defense summation and did not shift the burden of proof or deprive defendant of a fair trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). The record fails to support defendant's claim that the prosecutor pointed a pistol, which had been received in evidence, at the jury during summation.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.