■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MOORE, Appellant. (Appeal No. 1.) [743 NYS2d 922] —Appeal from a judgment of Steuben County Court (Furfure, J.), entered February 28, 2000, convicting defendant upon his plea of guilty of felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted upon his pleas of guilty of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and driving while ability impaired (§ 1192 [1]) and was sentenced to concurrent terms of incarceration, the longest of which is an indeterminate term of 1¹/₃ to 4 years. We reject defendant's contention that the State Trooper lacked reasonable suspicion to justify the stop of defendant's vehicle. The suppression court's determination of credibility is entitled to great weight (*see People v Prochilo*, 41 NY2d 759, 761), and that determination should not be disturbed unless it is clearly erroneous (*see People v Holmes*, 284 AD2d 984, 984, *lv denied* 96 NY2d 919; *People v Stokes*, 212 AD2d 986, 987, *lv denied* 86 NY2d 741). The State Trooper's observation of defendant's erratic driving and violation of traffic laws provided a sufficient basis for the stop (*see People v Ellis*, 62 NY2d 393, 396; *People v Ingle*, 36 NY2d 413, 420; *People v Schroeder*, 229 AD2d 917; *People v Wohlers*, 138 AD2d 957).

Defendant's challenge to the factual sufficiency of the plea allocutions is unpreserved for our review and in any event lacks merit (*see People v Lopez*, 71 NY2d 662, 665-667). "[T]here

is no requirement that a defendant personally recite the facts underlying his or her crime" (*People v Williams* 291 AD2d 891, 893, quoting *People v Kinch,* 237 AD2d 830, 831, *lv denied* 90 NY2d 860 [internal quotation marks omitted]; *see People v Every,* 272 AD2d 947, 947-948, *lv denied* 95 NY2d 865).

Defendant's challenge to the severity of the bargained-for sentence is without merit (*see People v Blount,* 288 AD2d 837, 838; *People v Wright,* 288 AD2d 899, *lv denied* 97 NY2d 689). Present—Pine, J.P., Wisner, Kehoe, Burns and Lawton, JJ.