██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK D. MARTIN, Appellant. [752 NYS2d 506]. —Appeal from a judgment of Onondaga County Court (Walsh, J.), entered August 8, 2001, convicting defendant after a jury trial of, inter alia, robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [1]) and assault in the first degree (§ 120.10 [4]). We reject the contention of defendant that County Court erred in not suppressing his written statements on the ground that those statements were elicited in violation of his *Miranda* rights and were involuntarily made. The suppression court's assessment of credibility is entitled to great weight (see *People v Prochilo*, 41 NY2d 759, 761; *People v Moore*, 295 AD2d 969), and that determination should not be disturbed

unless clearly erroneous (*see Moore,* 295 AD2d at 969; *People v Holmes,* 284 AD2d 984, *lv denied* 96 NY2d 919). Here, the suppression hearing testimony of the interrogating police officer establishes that those statements were preceded by *Miranda* warnings and that, prior to being given the warnings, defendant was not in custody. In addition, the People established that the circumstances surrounding defendant's interrogation did not constitute such a coercive and intimidating environment that defendant's will was overborne (*see generally People v Anderson,* 42 NY2d 35, 37-41; *People v Mitchell,* 289 AD2d 776, 778-779, *lv denied* 98 NY2d 653).

Defendant's challenge to the court's charge on voluntariness is unpreserved for our review and, in any event, is lacking in merit. The court properly denied defendant's *Batson* challenge (*see Batson v Kentucky,* 476 US 79) to the prosecutor's exercise of a peremptory strike against a single African-American prospective juror. The record establishes that the prospective juror made some statements and exhibited a demeanor that called into question her ability to serve as an impartial juror. The court thus properly concluded that the prosecutor's explanation for the strike was race-neutral (*see People v Cuthrell,* 284 AD2d 982; *People v Sell,* 283 AD2d 920, 921, *lv denied* 96 NY2d 867; *People v Hinds,* 270 AD2d 891, *lv denied* 95 NY2d 964).

The court did not abuse its discretion in denying defendant's request for a substitution of counsel in the absence of a showing of good cause for the substitution (*see People v Sides,* 75 NY2d 822, 824; *People v Youngblood,* 294 AD2d 954, 955, *lv denied* 98 NY2d 704; *People v Johnson,* 292 AD2d 871, *lv denied* 98 NY2d 652; *People v Burgos,* 291 AD2d 904, *lv denied* 97 NY2d 751). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.