■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WHITE, Appellant. [752 NYS2d 771] —Appeal from a judgment of Supreme Court, Erie County (Forma, J.), entered December 14, 2000, convicting defendant upon his plea of guilty of, inter alia, criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, among other things, criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). We reject the contention of defendant that Supreme Court erred in denying his motion to suppress the weapon on the ground that it was illegally seized and all other evidence on the ground that it was fruit of the poisonous tree. At the hearing on the motion to suppress, defendant testified that, while he was seated in the driver's seat of a stopped vehicle, the police officer who had asked defendant to produce his license and registration illegally grabbed the wallet of defendant from his lap, thereby exposing the weapon. The officer testified that defendant gave his license and registration to the officer and that the officer, after checking those documents against the vehicle's registration sticker, observed the weapon in plain view on defendant's lap. The court credited the testimony of the officer, specifically noting that the testimony of defendant that he always drove with his wallet on his lap was "incredible." The suppression court's determination of credibility is entitled to great weight (*see People v Prochilo*, 41 NY2d 759, 761) and that determination should not be disturbed unless it is clearly erroneous (*see People v Holmes*, 284 AD2d 984, *lv denied* 96 NY2d 919; *People v Stokes*, 212 AD2d 986, 987, *lv denied* 86 NY2d 741). We see no basis to disturb the

court's determination. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Burns, JJ.