■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESTEBAN CINTRON, Appellant. [786 NYS2d 532]—Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered June 11, 2002, convicting him of sodomy in the first degree, sodomy in the third degree, sexual abuse in the first degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People did not present legally sufficient evidence that he committed sodomy in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant committed sodomy in the first degree (*see People v Rivera*, 174 AD2d 581 [1991]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power,

we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

We reject the defendant's contention that the sentence imposed on the sodomy in the first degree conviction was illegal. The trial court's comments at sentencing " 'merely reflect the fact that the court was taking into consideration the nature of the crime, a legitimate factor in determining an appropriate sentence' " (*People v Anderson*, 287 AD2d 574 [2001], quoting *People v James*, 216 AD2d 489 [1995]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.