THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES VAUGHAN, Appellant. [850 NYS2d 735]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered October 26, 1999. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]). Defendant failed to preserve for our review his contention that his right of confrontation was violated by the admission in evidence of hearsay testimony with respect to the cocaine sale between the victim and one of the codefendants (*see generally People v Fleming*, 70 NY2d 947, 948 [1988]). In any event, that contention is without merit (*see generally People v Dickson*, 21 AD3d 646, 647 [2005]). Defendant also failed to preserve for our review his contention that his right of confrontation was violated by the admission in evidence

of the hearsay testimony of two police investigators with respect to the statements of his codefendants (*see People v Ball*, 11 AD3d 904, 905 [2004], *lv denied* 3 NY3d 755 [2004], 4 NY3d 741 [2004]) and, in any event, that contention is also without merit (*see People v Davis*, 290 AD2d 377 [2002], *lv denied* 100 NY2d 560 [2003]; *see also People v Gladden*, 298 AD2d 462, 463 [2002], *lv denied* 99 NY2d 582 [2003]).

Defendant failed to renew his motion for a trial order of dismissal with respect to the charge of depraved indifference murder after presenting evidence and thus failed to preserve for our review his contention that Supreme Court erred in denying his motion (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention is without merit. Here, defendant was indicted for, inter alia, three counts of murder in the second degree, including intentional murder (Penal Law § 125.25 [1]), depraved indifference murder (§ 125.25 [2]) and felony murder (§ 125.25 [3]), and was convicted of the lesser included offense of manslaughter in the second degree. CPL 290.10 "does not contemplate the granting of a trial order dismissing a count of an indictment when legally sufficient evidence exists to support a lesser included offense under that count" (*People v Congilaro*, 60 AD2d 442, 457-458 [1977]). The evidence is legally sufficient to support that lesser included offense, inasmuch as the People presented evidence establishing that the gun discharged during a struggle between defendant and the victim (*see People v DeCapua*, 37 AD3d 1189, 1190 [2007], *lv denied* 8 NY3d 983 [2007]). We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the contention of defendant that he was denied effective assistance of counsel inasmuch as defense counsel's failure to request a jury charge for justification or the defense of accident reflects a reasonable trial strategy (*see People v Hicks*, 12 AD3d 1044 [2004], *lv denied* 4 NY3d 799 [2005]; *see also People v Thomas*, 299 AD2d 942 [2002], *lv denied* 99 NY2d 620 [2003]; *People v Vukel*, 263 AD2d 416, 416 [1999], *lv denied* 94 NY2d 830 [1999]). Contrary to defendant's contention, defense counsel did not concede that defendant was guilty of the lesser included offense of criminally negligent homicide or the lesser included offense of manslaughter (*cf. People v Washington*, 5 Misc 3d 957, 961-963 [2004], *appeal dismissed* 19 AD3d 1180 [2005]). "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation" establish that defendant received meaningful representation (*People v Baldi*, 54 NY2d 137, 147 [1981]).

In addition, the court properly refused to suppress the oral and written statements that defendant made to police investigators while he was in custody. The court's determination that defendant voluntarily waived his *Miranda* rights prior to making those statements was based upon the credibility of the witnesses at the suppression hearing and thus is entitled to great deference (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v White*, 300 AD2d 1149 [2002], *lv denied* 99 NY2d 621 [2003]). Contrary to the contention of defendant, he did not unequivocally request an attorney when he asked the police whether he needed a lawyer (*see People v D'Eredita*, 302 AD2d 925 [2003], *lv denied* 99 NY2d 654 [2003]). Also contrary to the contention of defendant, the court properly denied his motion for a mistrial based on the People's *Rosario* violation inasmuch as defense counsel received the transcript of the witness's prior testimony and was able to conduct an effective cross-examination of the witness. Defendant thus has failed to demonstrate that he was substantially prejudiced by the People's delay in providing him with the transcript in question (*see People v Goston*, 9 AD3d 905, 906-907 [2004], *lv denied* 3 NY3d 706 [2004]; *People v Jacob*, 287 AD2d 740 [2001], *lv denied* 97 NY2d 729 [2002]). The sentence is not unduly harsh or severe, and the court's comment that the victim purchased his death, rather than drugs, at defendant's hands, merely reflected the court's view of the nature of the crime (*see People v Anderson*, 287 AD2d 574 [2001], *lv denied* 97 NY2d 701 [2002]).

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of manslaughter in the second degree under Penal Law § 125.15 (2), and it must therefore be amended to reflect that he was convicted under Penal Law § 125.15 (1) (*see People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.