================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 42
The People &c.,
            Respondent,
        v.
Diane Wells,
            Appellant.



            Andrew C. Fine, for appellant.
            David M. Cohn, for respondent.




MEMORANDUM:

            The order of the Appellate Term should be reversed and

the order of Criminal Court of the City of New York reinstated.

            In October 2006, defendant was convicted of assault in

the third degree in Criminal Court of the City of New York but,

in March 2010, the Appellate Term reversed the judgment due to an

improper jury charge, and remanded the case for a new trial (26 Misc 3d 143 [A] [App Term, 1st Dept 2010]). The People then sought leave to appeal to this Court.

On May 10, 2010, while the People's application for leave to appeal was still pending, Criminal Court adjourned defendant's case until June 21. An assistant district attorney was present at the adjournment. A Judge of this Court denied the People's leave application on May 14, 2010 (14 NY3d 894 [2010]).

Because of a clerical error in Criminal Court, defendant's case was not placed on the June 21, 2010 calendar, and no representative of the District Attorney was present in court on that date. Once the District Attorney's office discovered the miscalendaring in July, and informed Criminal Court, a new calendar date of August 23, 2010 was set. At no time prior to that did the People declare themselves ready for trial.

On August 23, defendant moved to dismiss the accusatory instrument on speedy trial grounds, pursuant to CPL 170.30 (1) (e), arguing that more than 90 days had elapsed since the denial of leave to appeal to this Court. Criminal Court granted defendant's motion to dismiss, concluding after a fact-finding hearing that "that there was unexplained and unexcused prosecutorial inaction with this case" that "lasted longer than the statutory speedy trial time allotted."

The Appellate Term reversed, holding that the People

had no obligation to advance the case to an earlier date upon receiving the certificate denying leave (36 Misc 3d 144 [A] [App Term, 1st Dept 2012]).  A Judge of this Court granted defendant leave to appeal.  We now reverse.

CPL 170.30 (1) is clear.  A motion made pursuant to that section must be granted if the People are not "ready for trial within . . . ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony" (CPL 30.30 [1] [b]).  When a defendant's judgment of conviction is reversed and the case is sent back for a retrial, "the criminal action . . . must be deemed to have commenced on . . . the date the order occasioning a retrial becomes final" (CPL 30.30 [5] [a]).

The parties do not dispute that under CPL 30.30 (5) (a) a new criminal action commenced when a Judge of this Court denied the People leave to appeal from the Appellate Term's order.  The People point to the fact that, under the Criminal Procedure Law, "[i]n computing the time within which the people must be ready for trial . . . a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to: . . . appeals; . . . and the period during which such matters are under consideration by the court" must be excluded (CPL 30.30 [4] [a] [emphasis added]).

The People contend therefore that the period from May 10, 2010 to August 23, 2010 is excludable, relying on People v Vukel (263 AD2d 416 [1st Dept 1999], lv denied 94 NY2d 830 [1999]), which held that when a trial court orders an adjournment for control purposes because of the pendency of a defendant's application for leave to appeal to this Court, the entire period of the adjournment is excludable under CPL 30.30 (4) (a), as time resulting from the appeal.  In Vukel, the Appellate Division rejected the argument that the People have "an obligation to advance the case to an earlier date upon receiving the certificate denying leave" (id. at 417).

The mere lapse of time, following the date on which the order occasioning a retrial becomes final, does not in itself constitute a reasonable period of delay resulting from an appeal within the meaning of CPL 30.30 (4) (a).  Otherwise, the People would be permitted to delay retrial for the duration of an adjournment in the trial court, no matter how lengthy, even after a Judge of our Court has denied leave to appeal, without consequence under CPL 30.30.  Such a rule would be inconsistent with "the dominant legislative intent informing CPL 30.30, namely, to discourage prosecutorial inaction" (People v Price, 14 NY3d 61, 64 [2010]).  To the extent Vukel holds otherwise, it should not be followed.

Here, the Appellate Term erred as a matter of law in ruling that the period from May 10, 2010 to August 23, 2010 was

automatically excludable as time resulting from an appeal under CPL 30.30 (4) (a).  We agree with Criminal Court that the People provided no justification on the record for any "reasonable period of delay" under CPL 30.30 (4) (a) to be added to the 90 days provided under CPL 30.30 (1) (b).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed and the order of Criminal Court of the City of New York reinstated, in a memorandum.  Chief Judge Lippman and Judges Graffeo, Read, Smith, Pigott, Rivera and Abdus-Salaam concur.

Decided October 16, 2014