People v McDonald (2019 NY Slip Op 04546)





People v Mcdonald


2019 NY Slip Op 04546


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


152 KA 17-00278

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT G. MCDONALD, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN MARGO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered December 13, 2016. The judgment convicted defendant, after a nonjury trial, of driving while ability impaired and aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a bench trial of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). We reject defendant's contention that Supreme Court erred in refusing to suppress statements he made to the police before he received his Miranda warnings because he was subjected to custodial interrogation. The evidence at the Huntley hearing, as credited by the court (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Moore, 295 AD2d 969, 969 [4th Dept 2002], lv denied 98 NY2d 770 [2002]), established that a police sergeant initially observed defendant's failure to stop his vehicle at a stop sign. The sergeant followed defendant and activated the emergency lights on his police vehicle to signal to defendant to pull over. Defendant did not pull over but instead made three additional turns onto other streets without signaling. The sergeant observed defendant as he parked his vehicle in a lurching fashion, exited the vehicle, and then began walking on the sidewalk with a staggering gait. The sergeant exited his police vehicle and repeatedly commanded defendant to stop and return to his vehicle, but defendant continued walking. When the sergeant caught up to defendant, defendant stated that he was walking to a bar located approximately one block away. The sergeant noted that defendant's breath smelled of alcohol, that his eyes were glassy, bloodshot, and watery, and that his speech was slurred. The sergeant testified that he handcuffed defendant upon apprehending defendant on the sidewalk because he was uncertain why defendant had been trying to evade him and what defendant's intentions were. The sergeant walked defendant to the police vehicle and seated defendant on the back seat thereof with the door open and defendant's feet on the ground outside. The sergeant then asked defendant if he had a driver's license, where he was going, and if he had been drinking. Defendant stated that he was headed to a nearby bar and subsequently stated that he had previously consumed two drinks and that his driver's license had been revoked.
Contrary to defendant's contention, we conclude that his answers to the sergeant's questions were not the product of a custodial interrogation requiring Miranda warnings. " It is well established that not every forcible detention constitutes an arrest' " (People v Pruitt, 158 AD3d 1138, 1139 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]) and, under the circumstances noted above, we agree with the court that the sergeant's use of handcuffs did not transform the detention into a de facto arrest. Rather, the sergeant's use of the handcuffs to effect the detention was warranted in light of the threat that defendant might take additional evasive action (see People v Allen, 73 NY2d 378, 379-380 [1989]; People v Floyd, 158 AD3d 1146, 1147 [4th Dept 2018], lv denied 31 NY3d 1081 [2018]).
We further conclude that seating defendant on the back seat of the police vehicle did not transform the sergeant's questioning into a custodial interrogation. The sergeant lawfully, although forcibly, detained defendant for investigatory purposes based on his observation of defendant committing several traffic infractions (see People v Pealer, 89 AD3d 1504, 1506 [4th Dept 2011], affd 20 NY3d 447 [2013], cert denied 571 US 846 [2013], rearg denied 24 NY3d 993 [2014]; see generally People v Carver, 124 AD3d 1276, 1278 [4th Dept 2015], affd 27 NY3d 418 [2016]). Given defendant's visible intoxication, staggering gait, and prior evasive actions, a " less intrusive means of fulfilling the police investigation' " than seating defendant partially in the police vehicle " was not readily apparent' " (People v Howard, 129 AD3d 1654, 1656 [4th Dept 2015], lv denied 27 NY3d 999 [2016]; see People v Williams, 73 AD3d 1097, 1099-1100 [2d Dept 2010], lv dismissed 15 NY3d 779 [2010]). Here, the sergeant's "action fell short of the level of intrusion upon defendant's liberty and privacy that constitutes an arrest" (People v Hicks, 68 NY2d 234, 240 [1986]; see Howard, 129 AD3d at 1655-1656). In addition, the sergeant's questions were investigatory rather than custodial in nature (see People v Lagreca, 221 AD2d 1026, 1026 [4th Dept 1995], lv denied 87 NY2d 923 [1996]; see also People v Spencer, 289 AD2d 877, 879 [3d Dept 2001], lv denied 98 NY2d 655 [2002]; People v Swan, 277 AD2d 1033, 1033 [4th Dept 2000], lv denied 96 NY2d 788 [2001]).
Finally, we conclude that any error in refusing to suppress the disputed statements is harmless beyond a reasonable doubt (see generally People v Crimmins, 36 NY2d 230, 237 [1975]; People v Hough,
151 AD3d 1591, 1593 [4th Dept 2017], lv denied 30 NY3d 950 [2017]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court