Novembre v Punnoose (2022 NY Slip Op 07242)

Novembre v Punnoose

2022 NY Slip Op 07242

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-03682
 (Index No. 516018/18)

[*1]Jasmine Novembre, et al., appellants, 
v
George J. Punnoose, et al., respondents, et al., defendants.

The Chernyy Law Office, P.C., Staten Island, NY (Borislav Chernyy and Salvatore Compoccia of counsel), for appellants.
Correia, King, McGinnis & Liferiedge, New York, NY (Ryan Hershkowitz of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 16, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants George J. Punnoose and Ancy G. Punnoose which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants George J. Punnoose and Ancy G. Punnoose which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by them in a motor vehicle accident. The defendants George J. Punnoose and Ancy G. Punnoose (hereinafter together the Punnooses) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated April 16, 2020, the Supreme Court, among other things, granted that branch of the motion, and the plaintiffs appeal.
The Punnooses failed to meet their prima facie burden of showing that the plaintiff Woodnica Edmond did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the Punnooses failed to eliminate triable issues of fact regarding Edmond's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Richards v Tyson, 64 AD3d 760, 761).
The Punnooses met their prima facie burden of showing that the plaintiff Jasmine Novembre did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d at 956-[*2]957). The Punnooses submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of Novembre's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiffs raised a triable issue of fact as to whether Novembre sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Since the Punnooses' expert conceded that the alleged injuries to the cervical and lumbar regions of Novembre's spine were caused by the accident, the burden never shifted to the plaintiffs to raise a triable issue of fact regarding causation, or to explain any gap in treatment (see Pommells v Perez, 4 NY3d 566, 572; Cortez v Nugent, 175 AD3d 1383, 1384).
Accordingly, the Supreme Court should have denied that branch of the Punnooses' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court