People v Hodgson (2023 NY Slip Op 05476)

People v Hodgson

2023 NY Slip Op 05476

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Ind. No. 185/15 Appeal No. 919 Case No. 2017-2188 

[*1]The People of the State of New York, Respondent,
v
Jonathan Hodgson, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rachel L. Pecker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered May 4, 2017, convicting defendant, after a jury trial, of attempted murder in the second degree and assault in the first degree, and sentencing him to concurrent prison terms of 15 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The element of serious physical injury (Penal Law § 10.00[10]) required for the assault conviction (Penal Law § 120.10[1]) was established by evidence that, for months after the attack, the victim needed to use a cane due to the injuries to his knee and head, and, even two years after the attack, still had difficulty breathing. This established the victim's protracted impairment of health (see People v Corbin, 90 AD3d 478, 479 [1st Dept 2011], lv denied 19 NY3d 972 [2012]). The weight of the evidence established defendant's homicidal intent, given defendant's repeated blows to the victim's head and body with a baseball bat (see People v Vukel, 263 AD2d 416 [1st Dept 1999], lv denied 94 NY2d 830 [1999]).
Defendant's constitutional rights were not violated when he was handcuffed during the rendition of the verdict and polling of the jury, since the trial court had grounded security concerns specific to this case that justified handcuffing the defendant "to protect the courtroom and its occupants" (see Deck v Missouri, 544 US 622, 624, 633 [2005], People v Sanders, 39 NY3d 216, 218-219 [2023]). In any event, any error was harmless given the overwhelming evidence of guilt (see People v Clyde, 18 NY3d 145, 153-154 [2011], cert denied 566 US 944 [2012]).
Defendant waived his claim that he was deprived of a fair trial by appearing before the jury in prison-issued clothing, as he never objected to his attire and did not request any remedy (see People v Jones, 187 AD3d 612, 613-614 [1st Dept 2020], lv denied 36 NY3d 973 [2020]; People v Oliveri, 29 AD3d 330, 332 [1st Dept 2006], lv denied 7 NY3d 760, 762 [2006]). His claim is also unpreserved (see People v Ellis, 34 NY3d 1092, 1092-1093 [2019]).
Defendant's challenges to the prosecutor's summation are unpreserved, and we decline to review his unpreserved claims in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The remarks at issue constituted
permissible comment based on the evidence and were responsive to defendant's summation arguments.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023