Sissoko v Ahmed (2024 NY Slip Op 51002(U))

[*1]

Sissoko v Ahmed

2024 NY Slip Op 51002(U)

Decided on August 2, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 2, 2024
Supreme Court, Kings County

Seydou Sissoko, Plaintiff,

against
Iftikhar Ahmed, Defendant.

Index No. 503209/2023

Aaron D. Maslow, J.

The following numbered papers were read on this motion:
Sequence 1 NYSCEF Document Numbers 20-28, 31-41.
Sequence 2 NYSCEF Document Numbers 42-51.
Upon the foregoing papers, and the Court having elected to determine the within motion on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission.)," and due deliberation having been had thereon,
It is hereby ORDERED as follows:
Motion Sequence 2, Plaintiff's Cross-Motion seeking dismissal of Defendant's second [*2]and third affirmative defenses relating to New York Insurance Law § 5102 (d) (serious injury), is GRANTED.
Plaintiff does not meet the definition of "covered person" under Insurance Law § 5105 (j) because he operated an out-of-state vehicle insured under a North Carolina policy issued by an unauthorized insurer who failed to provide New York minimum financial security. "Covered persons" are defined in pertinent part as "any owner, operator, or occupant of, a motor vehicle which has in effect the financial security required by article six . . . of the vehicle and traffic law" (Insurance Law § 5102 [j]). To qualify as a "covered person," Plaintiff (1) must have maintained liability coverage in excess of the minimum coverage required by Vehicle and Traffic Law § 311 (4) (a), and (2) his unauthorized insurer must have filed a statement with the New York State Commissioner of Motor Vehicles consenting to service of process and declaring that its policies shall be deemed to be varied to comply with the requirements of Article 6 of the Vehicle and Traffic Law (see Hunter v OOIDA Risk Retention Group Inc., 79 AD3d 1, 11 [2d Dept 2010]).
It is undisputed that Plaintiff's insurer, Southern General, is unauthorized to conduct business or issue automobile insurance policies in New York and that Southern General did not file the necessary form consenting to service of process (see NYSCEF Doc No. 48, Affirmation of Rena Gehman; Hunter, 79 AD3d at 11; Marshall v Nationwide Mut. Ins. Co., 166 AD2d 852, 853 [3d Dept 1990]). "Liability coverage" for an out-of-state vehicle includes "fifty thousand dollars because of death of one person in any one accident" (Vehicle and Traffic Law § 311 [4] [a]). Plaintiff's "Declarations" page fails to indicate maintaining at least the sum of $50,000 in coverage where death to a person results, pursuant to VTL §311 (4) (a) (see NYSCEF Doc No. 48, Affirmation of Rena Gehman).
Defendant's argument that Plaintiff's references to the serious injury threshold in his complaint bars his argument of not being a covered person is rejected. The references to serious injury are deemed surplusage (see Connery v Sultan, 12 AD3d 455 [1st Dept 2015]).
As Plaintiff is not a covered person, he is neither required to establish the serious injury threshold under the No-Fault Law, nor is he required to sustain economic loss greater than basic economic loss. This renders Defendant's motion (Motion Sequence 1) seeking dismissal of Plaintiff's complaint based on failure to establish a serious injury under § 5102 (d) academic. However, this Court notes that, even if Plaintiff were considered a "covered person," Defendant's motion would have been denied and Plaintiff would have succeeded in establishing a serious injury under §5102(d) for the following reasons.
Plaintiff's bill of particulars mentions injury to the cervical spine, lumbar spine, and thoracic spine (see NYSCEF Doc No. 25). Although Defendant's IME doctor, Edward A. Toriello, M.D, examined all alleged injured body parts in the bill of particulars, he determined that only the cervical and thoracic spines were resolved. With regards to the lumbosacral spine, Dr. Toriello found limitations in the range of motion and noted "spine reveals flexion of 30 degrees (normal is 60 degrees). . . . Straight leg raising is bilaterally full and pain-free at 70 degrees (70-90 degrees normal)" (NYSCEF Doc No. 26; see Mullen v Lauffer, 31 AD3d 402 [2d Dept 2006] [defense no prima facie case of lack of serious injury as IME doctor found continued decreased range of motion two years after accident]). Dr. Toriello also admitted that causation of the alleged injuries was the subject accident, as he stated, "If the history as provided by the claimant and medical records is both true and accurate then there is a causal relationship between the injuries sustained and the accident of July 15, 2022." Dr. Toriello further "certif[ied] [*3]that this report is a full and truthful representation of [his] professional opinion with respect to the claimant's condition. . ." (NYSCEF Doc No. 26; see Novembre v Punnoose, 211 AD3d 961 [2d Dept 2022] [if defendant's expert concedes that injuries were caused by the accident, burden doesn't shift to plaintiff to raise triable issue of fact regarding causation or gap in treatment]).
Since Defendant failed to rule out the serious injury categories of significant limitation and permanent consequential limitation, it is unnecessary to consider the arguments regarding the 90/180 category (see Curiale v Delfavero, 211 AD3d 905 [2d Dept 2022]), and Plaintiff is entitled to seek recovery at trial for all injuries (see O'Neill v O'Neill, 261 AD2d 459 [2d Dept 1999]).
Defendant failed to establish entitlement to dismissal of Plaintiff's complaint on two bases (Plaintiff not required to establish serious injury and Defendant failed to make out prima facie case of lack of serious injury) and so its motion must be DENIED.
Thus, Defendant's motion (Motion Sequence 1) seeking summary judgment under § 5102 (d) is DENIED and Plaintiff's cross-motion seeking dismissal of Defendant's second and third affirmative defenses is GRANTED.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York