*980 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by vacating defendant’s conviction for criminally negligent homicide and ordering a new trial as to those counts, and otherwise affirmed.
At 4:20 on a Saturday morning, after consuming alcohol, defendant was involved in a minor traffic accident on a New York City street. According to defendant, the driver of the second vehicle became belligerent when defendant attempted to exchange license and insurance information with him and the driver reached into the back seat of his car. Believing that the driver was about to produce a weapon, defendant returned to his own car and fled the scene. A short distance from the first accident defendant struck and killed a pedestrian, Frank Flotteron, crossing West Street.
Defendant was indicted for second degree manslaughter, second degree vehicular manslaughter, driving while intoxicated, and two counts of leaving the scene of an accident. The felony count of leaving the scene of the second, fatal accident was dismissed by Supreme Court. The jury convicted defendant of two counts of criminally negligent homicide (a lesser included offense of manslaughter and vehicular manslaughter) and driving while impaired (a lesser included offense of driving while intoxicated), and the Appellate Division affirmed; as to the remaining leaving the scene count, the jury found defendant not guilty "with justification.” Defendant now seeks reversal of the homicide conviction on two grounds: insufficiency of the evidence, and the court’s refusal to charge justification with respect to those counts. Defendant does not contest the driving while impaired conviction.
We conclude that the evidence was sufficient to support the conviction for criminally negligent homicide. Viewed in the light most favorable to the People, the evidence here established that defendant engaged in criminal risk-creating culpable conduct (see, People v Boutin, 75 NY2d 692, 697). Testimony of the various witnesses estimated defendant’s speed from 50 to 100 miles per hour in a 35-mile-per-hour zone; defendant admitted and witnesses testified that he failed to obey several traffic signals, the last red light only a few blocks from the fatal accident; and the jury found that defendant was driving while impaired.
Defendant argues that there was no evidence this conduct *981 caused Flotteron’s death and that there was no way for him to foresee the presence of Flotteron in the middle of the street at 4 o’clock in the morning. Given the proof of culpable risk-creating conduct, these issues were properly submitted to the jury. We cannot hold, as a matter of law, that defendant’s speeding, in an impaired condition, did not cause Flotteron’s death or that it was unforeseeable that a pedestrian would be crossing a New York City street in the early hours of a Saturday morning.
While rejecting defendant’s sufficiency argument, we conclude that the jury should have been instructed on justification with respect to the manslaughter and vehicular homicide counts.
Upon defendant’s request, and with no objection by the People, the trial court instructed the jury on the justification defense as to the leaving the scene count. The court refused defendant’s request that the jury be given the justification charge with respect to the manslaughter and vehicular homicide counts, concluding that defendant could have left the scene with his car door locked or could have driven at a safe speed to a police or service station. In concluding that the charge was not warranted as to those counts, the trial court also noted defendant’s testimony that he did not see the car following him after defendant went through a red light some time prior to the second accident.
The Appellate Division affirmed, holding that Flotteron’s death took place after the "alleged crisis involving the prior crash” had passed and that, even crediting defendant’s testimony, he was not threatened with any weapon (174 AD2d 383, 386).
Under the "choice of evils” theory of Penal Law § 35.05 (2), conduct that would otherwise constitute an offense is justified when it is "necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue.”
Defendant asserts that he chose to engage in certain conduct (speeding) in avoidance of a perceived attack — intentional conduct on his part that formed the basis for the charge of *982 criminally negligent homicide (see, People v Padgett, 60 NY2d 142, 146). Indeed, the trial court charged the jury that it could not find defendant guilty of criminally negligent homicide unless it concluded that he was speeding at the time of the fatal accident. In these circumstances, we agree with defendant that he was entitled to have the jury consider whether his speeding was justified.
If on any reasonable view of the evidence, the jury might have decided that defendant’s actions were justified, the failure to charge the defense constitutes reversible error (see, People v Padgett, supra). It is not for the trial court to hypothesize other reasonable alternatives to the course of action chosen by the defendant. By giving the charge to the jury on the leaving the scene charge, the Judge concluded that one reasonable view of the evidence justified that conduct. Defendant argues, and we agree, that under these circumstances he was entitled to have the jury determine if the manner in which he fled the scene was also justified. That no weapon was observed does not act to bar the charge, but rather is one element of the circumstances that gave rise to the conduct.
Finally, there was no testimony that the emergency had ceased. Defendant stated only that he no longer observed the car following him and that he had started to reduce his speed. It was for the jury to determine whether the threat of harm that the defendant perceived had ceased to exist and if so whether defendant had sufficient time to react prior to the crash.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order modified in accordance with the memorandum herein and, as so modified, affirmed.