■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BLOOMER, Appellant. [617 NYS2d 956] —Peters, J. Appeal from a judgment of County Court of Sullivan County (Kane, J.), rendered June 29, 1992, upon a verdict convicting defendant of the crimes of manslaughter in the first degree and criminal possession of a weapon in the third degree.

In May 1992 while visiting the staff quarters of the Concord Hotel in Sullivan County, defendant became involved in an altercation, stabbed his victim no less than 11 times and then

fled. Following a jury trial in which he raised the defense of justification, he was convicted of manslaughter in the first degree and criminal possession of a weapon in the third degree. Sentenced as a second felony offender to concurrent indeterminate terms of incarceration of 11 to 22 years for manslaughter and 3½ to 7 years for possession of a weapon, defendant contends on this appeal that his justification defense was not disproved beyond a reasonable doubt and that his sentence is excessive.

Viewing the evidence presented in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to support defendant's conviction and disprove the defense of justification beyond a reasonable doubt. An eyewitness testified that although the victim had a golf club in his hand, he never swung it at defendant and that the victim was overheard asking defendant to "talk". The evidence further revealed that at no time did the victim ever hit defendant with the club, that the hallway in which the incident took place contained no evidence of the golf club having hit its sides, floor or ceiling and that defendant had two exits from which to retreat. The jury therefore could have concluded that defendant did not reasonably believe that the victim was about to use deadly physical force and that he had an opportunity to retreat safely without resorting to the use of deadly physical force (see, People v Wesley, 76 NY2d 555; People v Goetz, 68 NY2d 96; People v Brown, 184 AD2d 856, lv denied 80 NY2d 927; People v Longo, 182 AD2d 1019, lv denied 80 NY2d 906).

As to defendant's contention that his sentence was excessive, the record reveals that defendant's criminal history includes three prior felony and two prior misdemeanor convictions, yet County Court did not impose the harshest possible sentence. Our review of the record discloses no extraordinary circumstances warranting modification in the interest of justice. His sentence, therefore, will not be disturbed (see, People v Longo, supra, at 1022).

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.