■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CASTANO, Appellant. [654 NYS2d 7] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 19, 1994, convicting defendant, after a jury trial, of burglary in the first degree and sexual abuse in the third degree, and sentencing him to a term of 2 to 6 years, and a conditional discharge, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of the crimes charged was proven beyond a reasonable doubt (People v Malizia, 62 NY2d 755, cert denied 469 US 932), and, upon an independent review of the evidence, we find that the verdict was not against the weight of the evidence (People v Bleakley, 69 NY2d 490). With respect to the element of intent in connection with the burglary charge, the inference was inescapable that defendant solicited others to engage in criminal conduct upon entry into the apartment premises in question, and thus that defendant's intent to commit a crime was contemporaneous with his entry into the apartment premises.

Defendant has not preserved his current claim that, in this "unlawful entry" case, the trial court erred by including the phrase "or remains" in its instructions to the jury regarding the burglary charge (see, People v Gaines, 74 NY2d 358). Were we to review this claim in the interest of justice, we would conclude that as there is no reasonable view of the credible evidence that defendant entered the apartment without criminal intent, the error in the court's instructions on burglary was harmless (People v Jackson, 202 AD2d 250, lv denied 83 NY2d 911).

The court was under no obligation to deliver a justification charge, sua sponte, in this case. Defense counsel chose the "all or nothing" defense tactic of seeking an acquittal on all charges based upon the credibility issues raised and, although the tactic proved unsuccessful, counsel's failure to request a justification charge did not constitute ineffective assistance of counsel (see, People v Lane, 60 NY2d 748). Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.