■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ANYAKORA, Appellant. [656 NYS2d 253] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered July 12, 1994, convicting defendant, after a jury trial, of violation of Public Health Law § 2805-b (2) (b), falsifying business records in the first degree (two counts) and tampering with

physical evidence in the first degree, and sentencing him to an aggregate term of 5 years probation, 1,200 hours of community service, and fines in the amount of $10,000, unanimously affirmed.

The trial court (162 Misc 2d 47) properly determined that Public Health Law § 2805-b (2) (b) is not unconstitutionally vague. The terms "emergency medical treatment", "emergency" and "treat" provide sufficient notice of what is prohibited and required, such terms having accepted meanings (see, People v Cruz, 48 NY2d 419, 428, appeal dismissed 446 US 901; People v Pagnotta, 25 NY2d 333, 337; Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 540; see also, Education Law §§ 6521, 6527 [2]; Public Health Law § 3001 [1]).

The verdict convicting defendant of violation of Public Health Law § 2805-b (2) (b) was based on legally sufficient evidence and was not against the weight of the evidence. Viewing defendant's conduct as a whole, we find that there was ample evidence that he refused to treat the complainant within the meaning of the section.

The court properly refused to charge the defense of justification pursuant to Penal Law § 35.05 (2) with respect to evidence of alleged threatening behavior by a person accompanying the complainant to the hospital. There was no reasonable view of the evidence demonstrating an imminent or unavoidable harm, and there was similarly no reasonable view of the evidence that defendant's decision not to treat the complainant was an emergency measure or a necessary choice over alternative, legal courses of action (see, People v Maher, 79 NY2d 978, 981-982; People v Craig, 78 NY2d 616, 622-624).

Defendant's remaining contention is unpreserved and would not, in any event, warrant reversal. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.