■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH NEWMAN, Appellant. [809 NYS2d 282]—

Cardona, P.J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 19, 2004, upon a verdict convicting defendant of the crimes of vehicular manslaughter in the second degree (three counts), vehicular assault in the second degree (six counts), assault in the third degree, driving while intoxicated (two counts), driving while ability impaired by drugs and reckless driving and the traffic infractions of speed not reasonable and prudent and speeding.

In the early morning of August 19, 2003 on Route 55 in the Town of Bethel, Sullivan County, defendant operated a vehicle that failed to negotiate a turn, left the road and crashed into a telephone pole. Three of defendant's passengers were injured in the accident and a fourth was tragically killed. Following defendant's arrest, a blood test was administered, revealing a blood alcohol content of .12% as well as amounts of cocaine and marihuana. Defendant was thereafter charged in a 16-count indictment with the crimes of vehicular manslaughter in the second degree (three counts), vehicular assault in the second degree (six counts), assault in the third degree, driving while intoxicated (two counts), driving while ability impaired by drugs and reckless driving, as well as two traffic infractions.

At the ensuing jury trial, defendant invoked the defense of justification by necessity (*see* Penal Law § 35.05 [2]). Specifically, the evidence at trial indicated that, on the night in question, defendant and some friends were drinking at a local tavern when one of defendant's female acquaintances became involved in an altercation with another patron. Due to that incident, the bar closed and the affray between defendant's friends and their rivals escalated outside. In fact, according to evidence adduced by defendant, the melee intensified to the point where some of defendant's friends were knocked to the ground and, as the group attempted to leave in defendant's car,

an assembled mob of assailants pelted the car with rocks and bottles. Defendant claims to have sped from the parking lot and down Route 55 in order to escape the angry mob. The fatal accident occurred momentarily thereafter. Notwithstanding his proffered defense, defendant was convicted as charged and later sentenced to an aggregate term of 2⅓ to 7 years in prison.

We primarily address defendant's claims that his convictions were not founded upon sufficient evidence because, first, the People failed to disprove his justification defense beyond a reasonable doubt (*see* Penal Law § 25.00 [1]) and, second, there was inadequate proof that he acted with criminal negligence (*see* Penal Law § 15.05 [4]), a necessary element to a finding of guilt on the charges of vehicular manslaughter in the second degree and vehicular assault in the second degree (*see* Penal Law former § 120.03 [1], [2]; former § 125.12 [1], [2]).

As to the first claim: "Under the 'choice of evils' theory of Penal Law § 35.05 (2), conduct that would otherwise constitute an offense is justified when it is 'necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue' " (*People v Maher*, 79 NY2d 978, 981 [1992]; *see generally People v Brown*, 68 AD2d 503, 508-509 [1979]). Here, viewing the trial evidence in a light most favorable to the People (*see People v Terk*, 24 AD3d 1038, 1039-1040 [2005]; *People v Mitchell*, 289 AD2d 776, 779 [2001], *lv denied* 98 NY2d 653 [2002]), it is apparent that the jury was of the view that the prosecution established a prima facie case rebutting defendant's claim of justification (*cf. People v Hogencamp*, 300 AD2d 734, 735 [2002]; *People v Bloomer*, 208 AD2d 1119, 1120 [1994], *lv denied* 85 NY2d 906 [1995]). Contrary to defendant's version of events, various eyewitnesses testified that no individuals attacked defendant or his companions in the parking lot outside the tavern and no one pursued defendant's car as it left the parking lot. Under the circumstances, a jury could rationally conclude that there was no imminent threat to defendant's safety and/or that of his companions (*see People v Craig*, 78 NY2d 616, 624 [1991]) or that defendant's perception of such a threat was not objectively reasonable under the circumstances (*see generally id.* at 622).

Concerning the sufficiency of the proof in reference to defendant's criminal negligence, the record contains evidence

that defendant left the parking lot of the tavern at a high rate of speed and almost hit bystanders with his car. The testimony of an accident reconstruction expert established that skid marks on the roadway, as well as data taken from the car, indicated that defendant was traveling too fast and did not apply the brakes when he attempted to make the turn. Specifically, the expert hypothesized that defendant failed to observe the cautionary 35-mile-per-hour traffic sign just before the turn and that his speed as he left the roadway approximated 70 miles per hour, diminishing to 57 miles per hour upon impact with the telephone pole. In addition, the record indicates that defendant was familiar with the roadway and ignored a friend's warning to slow down as he approached the turn. Based upon this proof, and with it essentially uncontroverted that defendant was under the influence of marihuana and alcohol at the time of the accident, we conclude that there was sufficient evidence that defendant, while acting with criminal negligence (*see* Penal Law § 15.05 [4]; *People v Prue*, 8 AD3d 894, 895-896 [2004], *lv denied* 3 NY3d 680 [2004]; *compare People v Boutin*, 75 NY2d 692, 697-698 [1990]), caused the death and serious injuries of other persons by operating a motor vehicle while under the influence of drugs or alcohol (*see* Penal Law § 120.03 [1], [2]; § 125.12 [1], [2]; *People v Carkner*, 213 AD2d 735, 736 [1995], *lvs denied* 85 NY2d 970 [1995], 86 NY2d 733 [1995]; *see also* Penal Law § 125.10; Vehicle and Traffic Law § 1192 [2], [3], [4]). Finally, to the extent that defendant challenges the weight of the evidence supporting his convictions, after affording the jury due deference in evaluating witness credibility (*see People v Wilt*, 18 AD3d 971, 972 [2005], *lv denied* 5 NY3d 771 [2005]), we cannot conclude that the jury did not accord the evidence its proper weight (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Furthermore, we find no extraordinary circumstances warranting modification of the sentence in the interest of justice (*see generally People v Mitchell, supra* at 779-780). Lastly, we have examined and found unpersuasive defendant's other contentions, including the issues raised in his supplemental pro se brief.

Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.