THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v URBAN FERMIN, Appellant. [828 NYS2d 546]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered March 18, 2004, convicting him of assault in the first degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by (1) vacating the conviction of assault in the first degree and vacating the sentence imposed thereon, and (2) vacating the sentence imposed on the conviction of criminal possession of a weapon in the third degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the charge of assault in the first degree, as charged in count two of indictment No. 720/03 as to the defendant, and for resentencing on the conviction of criminal possession of a weapon in the third degree in accordance herewith.

Contrary to the People's contention, the defendant's claim that the court erred in refusing to charge the jury as to justification pursuant to Penal Law § 35.15 (2) with respect to the assault charge of which he was convicted is preserved for appellate review. Although defense counsel specifically sought a justification charge pursuant to Penal Law § 35.05, the Supreme Court, in making its ruling in terms pertinent to Penal Law § 35.15 (2), "expressly decided the question" now raised on appeal in response to a "protest by a party" (*see* CPL 470.05 [2]; *People v Edwards*, 95 NY2d 486, 491 n 2 [2000]; *People v LaPetina*, 34 AD3d 836 [2006]; *People v Duncan*, 177 AD2d 187, 191 [1992]).

In order to establish a justification defense under Penal Law § 35.15 (2), the evidence must show that the defendant reasonably believed that he or she was in imminent danger of being subjected to deadly physical force, and that he or she had satisfied his or her duty to retreat, or was under no such duty (*see People v McGhee*, 4 AD3d 485, 485 [2004]; *People v Powell*, 181 AD2d 923, 923 [1992]; Penal Law § 35.15 [1], [2]; *see also People v Watts*, 57 NY2d 299, 301 [1982]). The duty to retreat does not apply when one cannot retreat from the use of deadly physical force with complete safety (*see* Penal Law § 35.15 [2] [a]; *People v Aiken*, 4 NY3d 324, 328 [2005]; *People v Goetz*, 68 NY2d 96, 104 n 4 [1986]).

A trial court must charge the jury with respect to the defense of justification whenever, viewing the record in the light most favorable to the defendant, there is any reasonable view of the evidence which would permit the jury to conclude that the defendant's conduct was justified (*see People v Petty*, 7 NY3d 277, 284 [2006]; *People v McManus*, 67 NY2d 541, 549 [1986]; *People v Watts, supra* at 301; *People v Lauderdale*, 295 AD2d 539, 540 [2002]). A failure to give a justification charge under those circumstances constitutes reversible error (*see People v Maher*, 79 NY2d 978, 978 [1992]; *People v Padgett*, 60 NY2d 142, 145 [1983]; *People v Watts, supra* at 301; *People v Gavigan*, 2 AD3d 748, 748-749 [2003]).

Here, there was a reasonable view of the evidence to support a justification charge under Penal Law § 35.15 (2). Based on the defendant's unrebutted testimony at trial, the jury reasonably could have concluded that the defendant and his brother had been shot at by the complainant and his companions, and that the defendant later, in a subsequent encounter, shot at the complainant in self-defense when the complainant ran toward the defendant's car with a gun in his hand. Moreover, the jury reasonably could have concluded, under the circumstances presented, that when the complainant approached the defendant's car with a gun, the defendant could not at that time have retreated in complete safety. The defendant's version of events was supported in part by the testimony of other defense witnesses, whose credibility was a matter for the jury's resolution (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

We note that, contrary to the People's contention, and in light of the circumstances surrounding the initial encounter, the defendant was not under a continuing duty to retreat when, during that encounter, he and his brother found refuge in a house where he lived as a house sitter, and that encounter ended when the complainant and his companions withdrew from the perimeter of the house. A duty to retreat does not arise until the point at which deadly physical force is used or is imminent (*see Matter of Y.K.*, 87 NY2d 430, 434 [1996]; *People v Black*, 33 AD3d 338 [2006]).

Accordingly, in light of the court's failure to give a justification charge pursuant to Penal Law § 35.15 (2) as warranted by a reasonable view of the evidence, the defendant's conviction of assault in the first degree must be vacated and a new trial on the charge of assault in the first degree pursuant to Penal Law § 120.10 (1) is required.

Contrary to the People's contention, the defendant's claim that a justification charge under Penal Law § 35.05 was warranted with respect to the charges of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree is also preserved for appellate review. However, the People are correct that no reasonable view of the evidence supported such a charge. Under Penal Law § 35.05 (2), conduct that would otherwise constitute an offense is justified when it "is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desir-

ability of avoiding the injury sought to be prevented by the statute defining the offense in issue." Even if a justification defense under Penal Law § 35.05 (2) is available with respect to weapon possession charges (*see People v Pons*, 68 NY2d 264, 266 n [1986]; *People v Jenkins*, 185 Misc 2d 319, 322 [2000]), the evidence presented at trial indicated that potential injury to the defendant from the shooters allegedly circling the house and firing shots outside was not imminent (*see People v Musto*, 243 AD2d 508, 508-509 [1997]). Therefore, there was no basis for a finding that the defendant's possession of a defaced shotgun, the weapon at issue, was justified as an emergency measure to defend himself and his brother.

As the People correctly concede, the sentence imposed on the criminal possession of a weapon in the third degree conviction was improper, since criminal possession of a weapon in the third degree under Penal Law § 265.02 (3) is not a violent felony within the meaning of Penal Law § 70.02. Accordingly, we remit the matter to the Supreme Court, Queens County, for resentencing on that conviction. Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.