■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE D. HAMM, Appellant. [869 NYS2d 350]—

The defendant argues "that he received ineffective assistance of counsel in that counsel permitted him to plead guilty and [to] waive his right to appeal without filing a motion to dismiss the indictment, in the interest of justice, pursuant to *People v Clayton* (41 AD2d 204 [1973])." He argues, "defense counsel

had no strategic or legitimate explanation for [the] failure [to file a *Clayton* motion]."

Contrary to this contention, the record on appeal contains no indication that a *Clayton* motion (*see* CPL 210.40) would have had the slightest chance of success, and thus the defendant's former attorney cannot be said to have been ineffective based only on his failure to make such a motion. "There can be no denial of effective assistance of . . . counsel arising from counsel's failure to 'make a motion or argument that had little or no chance of success' " (*People v Caban,* 5 NY3d 143, 152 [2005], quoting *People v Stultz,* 2 NY3d 277, 287 [2004]).

In light of the defendant's waiver of his right to appeal, which was, by all appearances, completely voluntary, the defendant's argument concerning the alleged excessiveness of his sentence is not properly before this Court (*see People v Finn,* 56 AD3d 490 [2008]; *People v Jackson,* 56 AD3d 492 [2008]; *People v Gallo,* 54 AD3d 964 [2008]). Fisher, J.P., Florio, Carni and Chambers, JJ., concur.