OPINION OF THE COURT
David Stadtmauer, J.
*304 Defendant stands accused of attempted murder, assault, and other related crimes.
The defendant and complainant argued and fought on two occasions. The first time the complainant (who was the boyfriend of defendant’s ex-girlfriend) held the defendant in a choke hold and expressed certain threats. They subsequently met again by accident the next day. On that occasion, the defendant was armed with a knife which he claimed he was using as a tool to fix his bicycle. During this second encounter, which deteriorated into a physical battle, the defendant stabbed the complainant.
During the trial, defendant took the stand and testified as to the manner in which the complainant had humbled him on the first occasion. He further stated that when he saw the complainant approach him on the second occasion, he took his knife out but never intended to stab the complainant; he “just wanted him to back up.”
Prior to summations, the court consulted with counsel with respect to the crimes that were to be submitted to the jury, as well as obtaining requests to charge. Defense counsel was not certain whether he wanted the court to charge justification, and he indicated he would clarify the matter after he had an opportunity to think it over.
Defense counsel subsequently indicated that he did not want the justification charge. At that point, the People requested that the court charge justification — and they pointed out that there was some evidence in the case, including from the defendant’s own testimony, from which the jury might possibly conclude or speculate that defendant may have acted in self-defense at the time he stabbed complainant. Defense counsel, however, objected to any such charge, claiming that the defense in this case was not justification, but lack of intent to cause any injury.
A trial court will, under normal circumstances, charge an indicted crime to the jury when there is prima facie evidence in the case to support that crime (see generally CPL 300.10). In addition, a court must generally charge a defense when — viewed in a light most favorable to defendant — there is a reasonable view of the evidence in the case to support such defense (see e.g. People v Maher, 79 NY2d 978 [1992]). What is unusual in this case, however, is that it is the prosecution — not the defendant— that wants the defense charged. The question before the court, therefore, is whether the People are entitled to have the jury *305 instructed as to the defense of justification even though defense counsel has made no such request and, indeed, objected to any such charge being given.
The Court of Appeals previously addressed the issue of affirmative defenses being submitted to a jury at the request of the People over the objections of the defense (see People v DeGina, 72 NY2d 768 [1988]). In that case, the court held that the defendant “unquestionably has the right to chart his own defense,” and that an instruction to the jury as to an affirm a - tive defense not requested by the defendant would place the defendant “in the midst of contradictory defenses.” (Id. at 776-777.) In addition, while a defendant may advance contradictory defenses, “it is plainly a hazardous tactic, for it not only risks confusing the jury as to the nature of the defense but also may well taint a defendant’s credibility in the eyes of the jury . . . Certainly it is not a strategy that should be thrust on a defendant who has not chosen it.” (DeGina at 777.)
The People in this case point out that DeGina is inapplicable because it dealt with the affirmative defense of entrapment. Justification, however, is an ordinary defense which must be disproved by the People beyond a reasonable doubt. Therefore, charging justification, according to the People, will in no way shift the burden of proof to the defendant — directly or indirectly. The People presumably wanted this charge in the event that defense counsel would somehow directly or indirectly make some reference in his summation to self-defense.
The court rejects this argument, and finds that imposing a defense upon the defendant which defense counsel does not urge or intend to pursue unfairly undermines counsel’s strategy in conducting the defense of his client. Defense counsel represented that he would not raise the issue of self-defense with the jury; nor, as the court recalls, did he argue it during his opening statement. The court also finds that allowing the prosecution to raise the issue or defense of justification in his summation only to be able to subsequently demolish it would be highly prejudicial and has the potential of misleading the jury into thinking that the defendant is raising multiple, contradictory defenses. For the court to then instruct the jury as to the defense of justification would only compound the error.
Ultimately, it is defense counsel who must chart the defense. “It is not for the trial court to hypothesize other reasonable alternatives to the course of action chosen by the defendant.” *306 (Maher at 982.) Accordingly, the People’s request that the jury be instructed as to the law of justification is refused.*

 The court did not instruct the jury as to the law of justification. Subsequent to the court’s final charge in this case, counsel were called up to the bench for a sidebar to discuss exceptions and requests for additional instructions. There were no exceptions or further requests by either party.