■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHAM MOORE, Appellant. [886 NYS2d 468]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 15, 2007, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction of assault in the second degree arose from an incident in which his girlfriend, the complainant, was injured due to the defendant's operation of her truck following a heated argument between them. According to the complainant, the defendant attempted to drive away in her truck after pushing her out of the vehicle. This prompted her to

open the driver's door and hold on to the arm rest in an attempt to get back into the vehicle. The defendant then drove the truck for a significant distance with the complainant hanging on the outside, swerved in apparent attempts to throw her off, sideswiped a parked automobile, and ultimately jumped a curb and crashed into a tree and a fence. The defendant then fled the scene on foot. The complainant was thrown from the truck and suffered numerous injuries, including a fractured hip.

According to the defendant's account of the incident, he and the complainant had been arguing and then they made a brief stop at a convenience store. When he left the store, he got in the driver's seat of the truck while the complainant was still outside. He claimed that another man then opened the front passenger door, brandished a gun, and robbed him of $25,000 to $30,000, which he had made selling drugs, as well as a gold and diamond chain he was wearing. Insisting that he feared the robber would shoot him, the defendant testified that he ducked down, put the vehicle into drive, and stepped on the accelerator. He did not see the complainant. However, the truck did not move straight ahead, but instead swerved and almost immediately struck a parked car before colliding with a tree. The defendant realized that the complainant had reached in through the driver's window and had grabbed the steering wheel, thereby causing the accident.

Following the trial court's submission, in the alternative, of the offense of intentional assault in the first degree and the lesser-included offense of reckless assault in the second degree, the jury convicted the defendant of the latter.

Contrary to the defendant's contention, the trial court properly submitted the lesser-included offense of reckless assault in the second degree to the jury over his objection, since there was a reasonable view of the evidence which would support a finding that the defendant committed that crime but not the greater offense of assault in the first degree (*see* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63 [1982]; *People v Green,* 56 NY2d 427, 435 [1982]). Indeed, the jury could have believed from the complainant's testimony that the defendant's objective was not to seriously injure the complainant (*see* Penal Law § 120.10 [1]), but to shake her off the vehicle by operating the truck in a reckless manner which ultimately injured her (*see* Penal Law § 120.05 [4]).

The defendant's contention that the trial court should have instructed the jury with regard to the defense of justification under Penal Law § 35.15 is unpreserved for appellate review, since he never requested such a charge (*see* CPL 470.05 [2];

*People v Harrell,* 59 NY2d 620 [1983]; *People v White,* 305 AD2d 616 [2003]). Moreover, the trial court was under no obligation to give the charge, sua sponte, under the circumstances of this case (*see People v Castano,* 236 AD2d 215 [1997]), nor did a reasonable view of the defendant's trial testimony support the submission of such a defense. Indeed, insofar as is relevant to this appeal, Penal Law § 35.15 generally provides that a person may use physical force or deadly physical force upon another person when he or she reasonably believes that such force is being used or is about to be used against him. However, the defendant never sought to establish during his testimony that his actions which caused the complainant's injuries were justified. Rather, his defense was that the complainant was the sole cause of her own injuries, since she suddenly reached into the vehicle, grabbed the steering wheel, and immediately caused the collision. In sum, the defendant's trial defense to the assault charges was that the complainant injured herself, not that his conduct in endangering her was justified; thus, a justification charge pursuant to Penal Law § 35.15 would not have been warranted under the circumstances even if it had been requested, and there is no reasonable possibility that it would have resulted in an acquittal if it had been given.

Furthermore, we do not join in our dissenting colleague's conclusion that the distinct "choice of evils" justification defense set forth in Penal Law § 35.05 (2) is applicable to this case (*see generally People v Maher,* 79 NY2d 978 [1992]). This issue is not only unpreserved, since it was never raised at the trial level, but it also is not properly before us at present, since it was never raised by the defendant on this appeal and, therefore, is beyond this Court's jurisdiction and power of review. Rather, it has been advanced for the first time in this case by the dissent, without any opportunity for the trial court to analyze it or for the prosecution to present any factual and legal arguments with regard to its purported applicability to this matter. Moreover, even if we could consider the merits of this entirely new issue, we would be particularly disinclined to do so in this matter. Indeed, given the overall strength and logical consistency of the prosecution's evidence, the highly suspect version of events testified to by the defendant, and the eminently fair trial which the defendant received, consideration of this issue clearly would be unwarranted on this appeal.

The defendant's contention that he was denied the effective assistance of trial counsel is similarly unavailing. Viewing the record of the trial proceedings in its totality, it is clear that the defendant was afforded meaningful representation (*see People v*

*Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]). Trial counsel engaged in searching cross-examination, presented a viable defense to the charged crimes, made appropriate motions on the defendant's behalf, and presented a cogent summation argument to the jury. These efforts resulted in the defendant's acquittal of the two most serious of the three charges against him—assault in the first degree and attempted robbery in the first degree—despite the strength of the prosecution's proof (*see People v Ennis,* 11 NY3d 403, 412 [2008]). Additionally, while in a rare case a single omission by counsel may suffice to constitute ineffective assistance (*see People v Caban,* 5 NY3d 143, 152 [2005]; *People v Hobot,* 84 NY2d 1021, 1022 [1995]), trial counsel's failure to request a justification charge pursuant to Penal Law § 35.15 in this case falls short of constituting such an error. Rather, as previously noted, such a defense was not supported by a reasonable view of the evidence, since the proffered defense, based on the defendant's own account, was that the complainant was responsible for her own injuries due to her recklessness in grabbing the steering wheel and causing the accident while the defendant ducked down and attempted to drive away from the alleged robber. Accordingly, trial counsel can hardly be faulted for failing to request an instruction which did not apply to the evidence in the case, since such a request would have had little or no chance of success (*see People v Stultz,* 2 NY3d 277, 287 [2004]; *People v Taylor,* 60 AD3d 708, 709 [2009]; *People v Sanabria,* 52 AD3d 743, 744-745 [2008]).

In addition to the foregoing legal explanation for counsel's decision not to request a Penal Law § 35.15 justification defense charge, the defendant and the dissent overlook the obvious strategic explanation for that decision. Since the defendant had advanced the defense that the complainant's injuries had resulted from her own reckless conduct, it would be manifestly inconsistent for counsel to simultaneously argue in the alternative that they resulted from the defendant's actions, albeit justifiable, in consciously exposing the complainant to danger. Certainly, a defendant is free to present such alternative defenses at trial, but he is not compelled to do so, especially where the logical inconsistency between those defenses necessarily detracts from the credibility and potential persuasiveness of each. Accordingly, even if, as a theoretical matter, a justification charge could have applied to the evidence presented at trial, counsel's strategic election not to pursue it was consistent with her client's testimony, and it avoided presenting to the jury two dramatically inconsistent defenses (i.e., that the accident was the complainant's fault, or that the accident was the defendant's

fault but he was justified in causing it) which could well have caused the jury to disbelieve the defendant altogether and reject both defenses (*see generally People v Caban,* 5 NY3d at 154; *People v Vaughan,* 48 AD3d 1069, 1070 [2008]; *People v Davis,* 293 AD2d 486 [2002]; *People v Rhodes,* 281 AD2d 225, 226 [2001]; *People v Vukel,* 263 AD2d 416 [1999]).

The dissent further finds fault with trial counsel's summation, determining that it only addressed the intentional crimes with which the defendant was charged, and did not raise any defense to the reckless assault of which he ultimately was convicted. Again, however, this position has not been raised by the defendant on this appeal. In any event, even if it were properly before us, we would find it to be without merit. To be sure, trial counsel's summation focused on the intentional offenses of which her client had been accused. This was an exceedingly sound strategy, since they comprised the more serious charges and counsel's arguments with respect to them were clearly persuasive since she procured acquittals as to both. Accordingly, counsel's strategic decision to focus on those counts can in no way be characterized as ineffective. However, it is inaccurate to maintain that the summation did not provide any defense to the reckless assault charge. Counsel repeatedly attacked the complainant's account of the crime, insisting that it was incredible and defied reason for her to have hung on to the arm rest of the driver's seat through the open door of the truck while the defendant erratically drove the vehicle a distance of 1½ blocks at a high rate of speed. Rather, she urged that the defendant's version of events—i.e., that the complainant grabbed the steering wheel after he ducked down and began to accelerate, causing the vehicle to immediately swerve and crash—was far more credible and consistent with human experience. Accordingly, counsel urged the jurors to reject the complainant's testimony as failing to make sense, and to find the defendant not guilty. Had the jury completely credited the defendant's testimony, as counsel urged during summation, an acquittal of all charges, including the reckless assault, would have resulted. The mere fact that this did not occur, and that counsel "only" succeeded in obtaining acquittals of the two most serious offenses, cannot be equated with ineffective assistance of counsel (*see People v Castano,* 236 AD2d at 215). Mastro, J.P., Covello, and Florio, JJ., concur.

Belen, J. (dissenting and voting to reverse the judgment appealed from and remit the matter to the Supreme Court, Kings County, for a new trial, with the following memorandum): I agree that it was proper for the Supreme Court to have submit-

ted to the jury the lesser-included offense of assault in the second degree (*see* CPL 300.50 [1]). However, I must dissent, respectfully, since, in my view, the record demonstrates that the trial court erred in failing to instruct the jury as to the defense of justification and because the defendant was denied the effective assistance of counsel based on his counsel's failure to request a justification charge.

While I agree that the defendant failed to preserve for appellate review his argument that the trial court erred in failing to instruct the jury as to justification (*see* CPL 470.05 [2]), I respectfully submit that the issue should be reached in the exercise of our interest of justice jurisdiction. The failure to so instruct the jury deprived the defendant of a fair trial. As explained below, had the jurors been instructed as to justification, they may well have acquitted the defendant of assault in the second degree (*see* CPL 470.15 [3] [c]; *People v Kass,* 59 AD3d 77, 91-92 [2008]).

Both the rules as to when a justification charge is required and the consequences for failing to so charge are clear. The trial court must charge the jury with respect to the defense of justification whenever, viewing the record in the light most favorable to the defendant (*see People v Padgett,* 60 NY2d 142, 144 [1983]; *People v Ogodor,* 207 AD2d 461 [1994]), there is any reasonable view of the evidence that would permit the fact-finder to conclude that the defendant's conduct was justified (*see People v Petty,* 7 NY3d 277, 284 [2006]; *People v Fermin,* 36 AD3d 934 [2007]; *People v LaPetina,* 34 AD3d 836, 840 [2006], *affd* 9 NY3d 854 [2007]; *People v Newman,* 26 AD3d 589 [2006]). A failure to give the justification charge under such circumstances constitutes reversible error (*see People v Maher,* 79 NY2d 978, 982 [1992]; *People v Padgett,* 60 NY2d at 145; *People v Watts,* 57 NY2d 299, 301 [1982]; *People v Fermin,* 36 AD3d at 934).

Both the complainant and the defendant testified at trial. The complainant testified, in essence, that the defendant robbed her of her SUV at knifepoint and then deliberately injured her as he drove away with her holding onto the SUV. In contrast, the defendant testified that he had been driving the SUV with the complainant's permission and then had to flee when the complainant's ex-boyfriend suddenly arrived, robbed the defendant and appeared about to shoot him.

The majority focuses on one aspect of the defendant's testimony—that the complainant grabbed the SUV's steering wheel as the defendant was fleeing the armed robber—to conclude that a justification defense was untenable because the

defendant's own testimony suggests that the complainant caused her own injuries. However, viewing the record in the light most favorable to the defendant (*see People v Padgett,* 60 NY2d at 144; *People v Watts,* 57 NY2d at 301), I respectfully submit that the evidence supports a justification defense. Specifically, the defendant testified that he ducked down and accelerated the complainant's SUV, not with the intent to steal her SUV or to intentionally or recklessly cause her injury, but to flee an armed robber, the complainant's ex-boyfriend, "Doc," who was standing by the open passenger door pointing a firearm at him and had just robbed him of his gold chain and a bag containing approximately $30,000, and who appeared just about to shoot him. Moreover, according to the defendant, Doc had already shot at him two days earlier.

Notably, in both his direct and cross-examination testimony, the defendant explained that after he initially accelerated the SUV to flee Doc, he realized that the complainant had reached in and grabbed the steering wheel, and because he continued to accelerate, within 20 feet, the SUV veered and hit a parked car, injuring the complainant because she was dangling from the driver's side, holding onto the steering wheel. Although his testimony indicates that he had ducked down to avoid possible gunfire and, thus, did not initially realize that the complainant had grabbed the steering wheel, his testimony, viewed in a light most favorable to him, supports the reasonable conclusion that at some point before the crash, the defendant realized he was not in full control of the SUV because of the complainant's actions, yet continued to accelerate because of the imminent threat to him posed by Doc. In my view, although the majority's interpretation of the defendant's testimony as suggesting that the complainant caused her own injuries may also be reasonable, it is nevertheless improper because it fails to view the evidence in the light most favorable to the defendant, as we are required (*see People v Hill,* 226 AD2d 309 [1996]).

In sum, viewed in the light most favorable to the defendant (*see People v Padgett,* 60 NY2d at 144; *People v Ogodor,* 207 AD2d at 461), the record demonstrates that the Supreme Court committed reversible error in failing to, sua sponte, instruct the jury on the defense of justification since a reasonable view of the evidence would have permitted the jury to conclude that the defendant's conduct was justified (*see* Penal Law § 35.05 [2]; § 35.15 [1]; *People v Maher,* 79 NY2d at 981-982; *People v Padgett,* 60 NY2d at 145-146; *People v Craft,* 101 AD2d 984, 985 [1984]; *People v Zurita,* 76 AD2d 871, 871-872 [1980]; *People v May,* 55 AD2d 739 [1976]; *People v Fermin,* 36 AD3d at 934; *cf.*

*People v Castano,* 236 AD2d 215 [1997]). And since the defendant's case was based on his assertion that his conduct was a justifiable response to the risk of imminent harm posed by an armed robber who had previously shot at him, the failure to instruct the jury was not harmless (*see People v Morgan,* 290 AD2d 566 [2002]).

As to which justification charge was warranted, the record supports a finding that a physical force justification charge was warranted because, according to the defendant's testimony, he continued to accelerate the SUV to flee an armed robber who the defendant believed was about to shoot him, and when he knew or should have known that the complainant was in imminent harm because she had grabbed onto the steering wheel while standing outside the SUV and while the SUV was in motion (*see* Penal Law § 35.15; *People v Morgan,* 290 AD2d 566 [2002]; *People v Ogodor,* 207 AD2d at 462-463; *People v Jones,* 148 AD2d 547, 548-549 [1989]).

In my view, the record also warranted a "choice of evils" justification charge (*see* Penal Law § 35.05 [2]; *People v Craig,* 78 NY2d 616, 620-621 [1991]; *People v Brown,* 68 AD2d 503, 508 [1979]). Contrary to the majority's suggestion, this Court is not specifically precluded from reviewing this issue (*cf. People v King,* 242 AD2d 736 [1997]). On this issue, *People v Maher* (79 NY2d 978 [1992]), is instructive. In that case, the defendant, who had been drinking alcohol, was involved in a pre-dawn two-car accident on a New York City street. According to the defendant, when he attempted to exchange insurance information with the other driver, the latter became belligerent and reached into the back seat of his car. Fearing that the other driver was about to produce a weapon, the defendant returned to his car and fled the scene at a very high rate of speed. The defendant admitted that he ran several red lights during this time and conceded that he never saw the other driver with an actual weapon. A few blocks from the accident scene, the defendant struck and killed a pedestrian. He was thereafter indicted for manslaughter in the second degree, vehicular manslaughter in the second degree, driving while intoxicated, and leaving the scene of an accident (two counts). The trial court dismissed the second count of leaving the scene of the (second) fatal accident, and the jury convicted the defendant of criminally negligent homicide and driving while impaired, but found him not guilty "with justification" on the remaining count of leaving the scene of the (first) accident. A divided Appellate Division, First Department, affirmed (*see People v Maher,* 174 AD2d 383 [1991]). The dissent would have reversed on the ground that

the evidence presented at trial warranted instructing the jury as to a justification defense with respect to the homicide charge (*id.* at 386-387).

Before the Court of Appeals, the defendant argued that the homicide count required reversal because of legal insufficiency, and since the trial court erred in failing to charge justification based on its conclusion that the "defendant could have left the scene with his car door locked or could have driven at a safe speed to a police or service station" and because of the "defendant's testimony that he did not see the car following him after defendant went through a red light some time prior to the second accident" (*People v Maher*, 79 NY2d at 981). The Court rejected the legal insufficiency argument (*id.* at 980). However, the Court found merit to the defendant's justification argument, noting: "Defendant asserts that he chose to engage in certain conduct (speeding) in avoidance of a perceived attack—intentional conduct on his part that formed the basis for the charge of criminally negligent homicide (*see People v Padgett,* 60 NY2d 142, 146). Indeed, the trial court charged the jury that it could not find defendant guilty of criminally negligent homicide unless it concluded that he was speeding at the time of the fatal accident. In these circumstances, we agree with defendant that he was entitled to have the jury consider whether his speeding was justified. *If on any reasonable view of the evidence, the jury might have decided that defendant's actions were justified, the failure to charge the defense constitutes reversible error* (*see People v Padgett* [*id.* at 145]). It is not for the trial court to hypothesize other reasonable alternatives to the course of action chosen by the defendant. By giving the charge to the jury on the leaving the scene charge, the Judge concluded that one reasonable view of the evidence justified that conduct. Defendant argues, and we agree, that under these circumstances he was entitled to have the jury determine if the manner in which he fled the scene was also justified. That no weapon was observed does not act to bar the charge, but rather is one element of the circumstances that gave rise to the conduct. Finally, there was no testimony that the emergency had ceased. Defendant stated only that he no longer observed the car following him and that he had started to reduce his speed. It was for the jury to determine whether the threat of harm that the defendant perceived had ceased to exist and if so whether defendant had sufficient time to react prior to the crash." (*People v Maher*, 79 NY2d at 981-982 [emphasis added].)

Similar to *Maher,* here, the defendant's testimony supports a finding that he drove the SUV without the complainant's

permission to avoid a perceived danger, i.e., Doc shooting at him at very close range. Further, the defendant continued to accelerate the SUV even after he knew or should have known that the complainant had grabbed the steering wheel, was hanging from the driver's side door, and was causing the SUV to veer sideways into parked cars.

I also find that reversal is warranted on the ground that the defendant was denied the effective assistance of counsel as a result of his trial counsel's failure to request that the jury be charged with the defense of justification. To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that under the circumstances of the case, defense counsel failed to provide meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Urena*, 23 AD3d 587 [2005]). To meet this burden, a defendant must do more than merely point out losing tactics, but must "demonstrate the absence of strategic or other legitimate explanations" for counsel's challenged conduct (*People v Rivera*, 71 NY2d at 709; *see People v Flores*, 84 NY2d 184, 186-187 [1994]; *People v Georgiou*, 38 AD3d 155, 159-160 [2007]). However, even in the absence of a legitimate strategy, "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d at 152, quoting *People v Stultz*, 2 NY3d 277, 287 [2004]; *see People v Hamm*, 57 AD3d 919 [2008]). Notably, a single error in otherwise competent representation may nevertheless constitute ineffective assistance of counsel if such error was so egregious and prejudicial that it deprived the defendant of a fair trial (*see People v Caban*, 5 NY3d at 152; *People v Flores*, 84 NY2d at 188-189; *see also People v Dean*, 50 AD3d 1052 [2008]).

I conclude that defense counsel's failure to request a justification charge constituted ineffective assistance of counsel. In her summation, defense counsel argued that the defendant had no intent to injure the complainant, which was a defense only to the charge of assault in the first degree (*see* Penal Law § 120.10 [1]). Although the majority contends that defense counsel seemingly made a tactical decision not to raise justification as a defense and instead urged the jury during summation to completely credit the defendant's testimony, defense counsel inexplicably never actually mentioned the reckless assault charge at all, leaving the defendant entirely vulnerable to conviction on this charge. In her summation, defense counsel did not raise a single argument as to reckless assault (*see* Penal

Law § 120.05 [4]), a charge that the court, over a defense objection, had, sua sponte, decided to charge the jury. In contrast, the prosecution argued that if the jury acquitted the defendant of assault in the first degree, i.e., intentional assault, the evidence nevertheless supported a conviction on the lesser included offense of assault in the second degree, i.e., reckless assault. In that context, defense counsel's failure to request a justification charge, which, if successful, would have been a complete defense to both the charge of assault in the first degree and the lesser included offense of assault in the second degree, "was inexplicable and offered the defendant no tactical or strategic advantage" (*People v Georgiou,* 38 AD3d at 160; *see People v Turner,* 5 NY3d 476, 481 [2005]; *People v Benevento,* 91 NY2d at 712-713; *People v Rivera,* 71 NY2d at 709). Further, considered in the context of the jury's acquittal on the two other charges, assault in the first degree and attempted robbery in the first degree, it cannot be said with certainty that the jury would have rejected a justification defense with respect to the charge of assault in the second degree (*see People v Kass,* 59 AD3d 77, 91-92 [2008]; *cf. People v Caban,* 5 NY3d at 152; *People v Georgiou,* 38 AD3d at 161-162). Unlike the majority, I will not so speculate.

Accordingly, I would reverse the defendant's judgment of conviction as a matter of discretion in the interest of justice and remit the matter to the Supreme Court, Kings County, for a new trial (*see* CPL 470.15 [3] [c]; [6] [a]; *People v Maher,* 79 NY2d at 982; *People v Padgett,* 60 NY2d at 145; *see also People v Kass,* 59 AD3d at 91-92). I, therefore, respectfully dissent.