■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODWELL AUSTIN, Appellant. [22 NYS3d 457]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered October 28, 2010, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

A person is justified in using deadly physical force against another if he or she reasonably believes such to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of deadly physical force by such other person (*see* Penal Law § 35.15 [2]; *People v Heron*, 130 AD3d 754, 755 [2015]; *People v Ojar*, 38 AD3d 684, 684-685 [2007]). "A trial court must charge the jury with respect to the defense of justification whenever, viewing the record in the light most favorable to the defendant, there is any reasonable view of the evidence which would permit the jury to conclude that the defendant's conduct was justified" (*People v Irving*, 130 AD3d 844, 845 [2015] [internal quotation marks omitted]; *see People v Padgett*, 60 NY2d 142, 144-145 [1983]; *People v Watts*, 57 NY2d 299, 301 [1982]). A failure to give a justification charge under such circumstances constitutes reversible error (*see People v Walker*, 78 AD3d 63, 68 [2010]; *People v Fermin*, 36 AD3d 934, 935 [2007]).

Here, the defendant requested a justification charge to the jury based, inter alia, upon his trial testimony that during his altercation with the decedent, there was a struggle for the Swiss Army-style knife attached to his key chain that he then used to inflict the fatal wounds. The defendant also testified that he feared for his life during the altercation. Under these circumstances, considering the record in the light most favorable to the defendant, the Supreme Court erred in failing to provide the jury with the requested justification charge (*see People v McManus*, 67 NY2d 541, 548-549 [1986]; *People v Fermin*, 36 AD3d 934, 936 [2007]; *People v White*, 16 AD3d 440 [2005]; *People v Daniels*, 248 AD2d 723, 724 [1998]).

In light of our determination, the defendant's remaining contentions have been rendered academic. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.