People v Hardy (2018 NY Slip Op 07449)





People v Hardy


2018 NY Slip Op 07449


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-06934
 (Ind. No. 332/14)

[*1]The People of the State of New York, respondent,
v
Michael Hardy, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Hannah X. Collins of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert A. Schwartz, J.), rendered June 16, 2016, convicting him of obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's conviction of obstructing governmental administration in the second degree arose from an incident that occurred at the Queens County Criminal Courthouse. The defendant was in a holding cell after a court appearance on an unrelated matter and was splashed by milk thrown by someone in a neighboring cell. The defendant became angry and wanted to fight the person who threw the milk. Shortly thereafter, Correction Officer Reyes called the defendant's name and directed him to exit the holding cell, as it was time for the defendant to board the bus that would return him to Rikers Island. According to the testimony of prosecution witnesses, the defendant became upset after Reyes refused to give the defendant a carton of milk to throw into the neighboring cell and the defendant then punched Reyes in the face. The People presented testimony that three other correction officers assisted Reyes in subduing and handcuffing the defendant, during which the defendant punched another correction officer in the neck. According to the defendant, he was
the victim of an unprovoked attack by Reyes and was further assaulted by other correction officers who beat him and caused him to sustain numerous injuries. Upon a jury verdict, the defendant was acquitted of three counts of assault in the second degree and was convicted of obstruction of governmental administration in the second degree.
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel because his attorney failed to request a justification charge under Penal Law § 35.15. Viewed as a whole, the record of the trial proceedings demonstrates that the defendant was afforded meaningful representation (see People v Honghirun, 29 NY3d 284, 289; People v Benevento, 91 NY2d 708, 712; People v Moore, 66 AD3d 707, 710, affd 15 NY3d 811). The record shows that trial counsel engaged in searching cross-examination, presented a viable defense to the charged crimes, made appropriate motions on the defendant's behalf, and presented a cogent summation argument to the jury, which resulted in the defendant's acquittal of the most serious charges against [*2]him (see People v Moore, 66 AD3d at 711). While, in rare cases, a single omission may constitute ineffective assistance of counsel, counsel's failure to request a justification charge was not such an error because a justification defense was not supported by a reasonable view of the evidence and such defense would have conflicted with the defendant's account of the underlying incident (see id.).
The defendant's contention that the Supreme Court should have instructed the jury with regard to the defense of justification under Penal Law § 35.15 is unpreserved for appellate review, because defense counsel never requested such a charge (see CPL 470.05[2]; People v Clark, 129 AD3d 1, 17-18, affd 28 NY3d 556; People v Moore, 66 AD3d at 709-710). Moreover, the trial court was under no obligation to give a justification charge, sua sponte, under the circumstances of this case, where such instruction would interfere with the defendant's trial strategy (see People v Clark, 129 AD3d at 18-19; People v Moore, 66 AD3d at 710).
The defendant's contention that he was deprived of due process and a fair trial by certain of the prosecutor's summation remarks is unpreserved for appellate review, as defense counsel failed to object to the challenged comments (see CPL 470.05[2]; People v McMillan, 130 AD3d 651, 654, affd 29 NY3d 145; People v Erskine, 90 AD3d 674, 675). In any event, the challenged remarks constituted fair comment on the evidence (see People v Hawley, 112 AD3d 968, 969; People v Erskine, 90 AD3d at 675; People v Rhodes, 11 AD3d 487, 488), and did not exceed the bounds of permissible advocacy (cf. People v Calabria, 94 NY2d 519, 523). Accordingly, the defendant's contention that he was deprived of the effective assistance of counsel due to his attorney's failure to object to these allegedly improper remarks is without merit (see People v McMillan, 130 AD3d at 654-655; People v Erskine, 90 AD3d at 675).
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court